**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYNN DURON, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/] <br><br> Defendant. | Case No. ED CV 11-1791 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Lynn Duron ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") erred at step five in relying on the testimony of the Vocational Expert ("VE") and finding that Plaintiff can perform the positions of order clerk, charge account clerk, and surveillance systems monitor. (Joint Stip. at 3-13, 19); *see Dictionary of Occupational Titles* ("DOT") 205.367-014, 209.567-014, 379.367-010. Because these positions all require a reasoning level of 3 under the DOT, Plaintiff argues that they conflict with

---

[1/] Following the resignation of Michael J. Astrue, Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

her limitation to simple, repetitive tasks.[2/] (Joint Stip. at 3-13, 19.) As discussed below, the Court finds in favor of Plaintiff, albeit on different grounds.

The Ninth Circuit has yet to address the question of whether an occupation with a reasoning level of 3 can involve simple, repetitive tasks. As both parties have demonstrated, district courts within our circuit are split on this issue for a variety of reasons, but the majority do find a conflict. *See Torres v. Astrue*, 2012 WL 1032897, at *3 (C.D. Cal. Mar. 27, 2012) (reviewing district court opinions).

For present purposes, however, the Court need not determine whether such an inconsistency exists. Instead, the Court finds error here on two other grounds.

First, the Court recalls the applicable burden of proof at step five. There, the Commissioner bears the burden to identify jobs that a claimant can perform despite her identified limitations. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Without consensus as to whether a reasoning level of 3 is inconsistent with simple, repetitive tasks, it is unclear whether the positions identified by Defendant are actually viable. In light of this ambiguity, the Court cannot conclude that Defendant met its step five burden.[3/]

Second, the ALJ has "an affirmative responsibility to ask about any *possible* conflict" between a VE's testimony and the DOT. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *4 (emphasis added). As explained above, a conflict

---

[2/] A reasoning level of 3 requires an employee to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." DOT, Appendix C, 1991 WL 688702.

[3/] Tellingly, some minority courts have ruled in favor of the Commissioner, at least in part, because the alleged error occurred at step four (*i.e.*, when Plaintiff bears the burden of proof). *See, e.g.*, *Leon v. Astrue*, 830 F. Supp. 2d 844, 850 (C.D. Cal. 2011), *Megliorino v. Astrue*, 2012 WL 2847705, at *10 (C.D. Cal. July 10, 2012).

arguably exists here in the absence of conclusive legal authority.[4/]  Despite this possibility, however, the ALJ failed to obtain a reasonable explanation for such a conflict, and thus error must be found under SSR 00-4p.  *See McGensy v. Astrue*, 2010 WL 1875810, at *4 (C.D. Cal. May 11, 2010).

Accordingly, for the reasons stated above, the Court determines that the ALJ erred at step five.

     C.     <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).  But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  *See id.* at 594.

Here, in light of the error described above, the ALJ shall reevaluate the testimony of the VE, and obtain a reasonable explanation for any conflict between

---

[4/]  Defendant contends that no conflict exists because mental complexity is best gauged by a job's skill level, not its reasoning level. (Joint Stip. at. 18.)  But *Meissl v. Barnhart* – a case upon which Defendant relies – aptly rejects this very argument:

> A job's [skill level] is focused on "the amount of lapsed time" it takes for a typical worker to learn the job's duties.  A job's reasoning level, by contrast, gauges the minimal ability a worker needs to complete the job's tasks themselves. . . . "[Skill level] speak[s] to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by [its reasoning level]."

*Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005) (citations omitted).

that testimony and the DOT, specifically with respect to Plaintiff's limitation to simple, repetitive tasks.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[5]

Dated: February 20, 2013

_____

Hon. Jay C. Gandhi

United States Magistrate Judge

---

[5] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 19-24, 27.)

4